UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MOSHE AVRAMHAM, also known as Marvin Arnold Pollack, on behalf of Flores, Mr.; MR. FLORES,<br><br>        Plaintiffs,<br><br>    -against-<br><br>THE GVENT STATE OF N.Y., et al.,<br><br>        Defendants. | 20-CV-4441 (LLS)<br><br>ORDER OF DISMISSAL |

LOUIS L. STANTON, United States District Judge:

  Moshe Avramham, also known as Marvin Arnold Pollack, brings this action on behalf of another individual known only as Mr. Flores, alleging that the defendants violated Mr. Flores's federal constitutional rights. The Court grants *in forma pauperis* status for the limited purpose of this order. For the reasons set forth below, the Court dismisses the complaint.

### STANDARD OF REVIEW

  The Court must dismiss an IFP complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).

  While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in

original). But the "special solicitude" in *pro se* cases, *id*. at 475 (citation omitted), has its limits – to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

The Supreme Court has held that under Rule 8, a complaint must include enough facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible if the plaintiff pleads enough factual detail to allow the Court to draw the inference that the defendant is liable for the alleged misconduct. In reviewing the complaint, the Court must accept all well-pleaded factual allegations as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). But it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of action," which are essentially just legal conclusions. *Twombly*, 550 U.S. at 555. After separating legal conclusions from well-pleaded factual allegations, the Court must determine whether those facts make it plausible – not merely possible – that the pleader is entitled to relief. *Id.*

## BACKGROUND

The handwritten complaint is largely illegible and incoherent.[1] It appears that the action was brought by Moshe Avramham, also known as Marvin Arnold Pollack, as "next friend" of a "Mr. Flores" or "Mr. Florese." Both individuals appear to be patients at Mid-Hudson Psychiatric Hospital. Although the complaint is extremely difficult to read, it appears to state that Avramham filed this action "without consulting, nor getting the permission of" Mr. Flores as Mr. Flores is

---

[1] On June 16, 2020, the Court received an additional submission from Avramham. (ECF No. 2.) That submission is equally illegible and incoherent.

"not competent to make legal Decisions." (*See* ECF No. 1, at 5.) The complaint names approximately 22 defendants.

## DISCUSSION

Rule 8 of the Federal Rules of Civil Procedure requires a complaint to make a short and plain statement showing that the pleader is entitled to relief. Because the function of the pleadings is to ensure that defendants receive fair notice of the claims against them and the grounds on which they rest, the allegations must be plainly stated. *See Twombly*, 550 U.S. at 555. An inadequately pleaded complaint that is "so poorly composed as to be functionally illegible" is subject to dismissal under Rule 8. *Schuster v. Oppleman*, No. 96-CV-1689 (JGK), 1999 WL 9845, at *3 (S.D.N.Y. Jan. 11, 1999); *see Barsella v. United States*, 135 F.R.D. 64, 66 (S.D.N.Y. 1991) (stating that the policy requiring courts to liberally construe *pro se* complaints "does not mandate that a court sustain every *pro se* complaint even if it is incoherent, rambling, and unreadable"). The Court has closely scrutinized Plaintiff's complaint, but because the complaint is largely illegible and incoherent, the Court is unable to understand the nature of the claims asserted.

And in any event, Avramham may not raise claims on behalf of Flores. A person who is not an attorney may only represent himself in a *pro se* action; he may not represent another person. *See* 28 U.S.C. § 1654 ("In all courts of the United States the parties may plead and conduct their own cases personally or by counsel as, by the rules of such courts, respectively, are permitted to manage and conduct causes therein."); *United States ex rel. Mergent Servs. v. Flaherty*, 540 F.3d 89, 92 (2d Cir. 2008) ("Because [§ 1654] permits parties only to plead and conduct their own cases personally, we have held that an individual who is not licensed as an attorney may not appear on another person's behalf in the other's cause. That is, in order to

3

proceed *pro se*, [a] person must be litigating an interest personal to him.") (citations and internal quotation marks omitted, italics and second alteration in original)).

To the extent that Avramham may be asserting that Flores has been deemed incompetent, Rule 17(c) of the Federal Rules of Civil Procedure provides that a minor or incompetent person may be represented by a general guardian, a committee, a conservator, or a similar fiduciary, and that a minor or incompetent person who does not have a duly appointed representative may sue by a next friend or by a guardian ad litem.[2] If a person lacks the legal capacity to sue, their action cannot go forward unless a guardian or next friend appears on their behalf; in addition, that person must either be, or be represented by, an attorney. *See Berrios v. N.Y. City Hous. Auth.*, 564 F.3d 130, 134 (2d Cir. 2009); *Wenger v. Canastota Central Sch. Dist.*, 146 F.3d 123, 125 (2d Cir. 1998) ("[I]t is not in the interests of minors or incompetents that they be represented by non-attorneys.").

It does not appear that Avramham is an attorney. He may not, therefore, raise claims on Flores's behalf. Any claims Avramham seeks to raise on Flores's behalf must therefore be dismissed. 28 U.S.C. § 1915(e)(2)(B)(ii).

District courts generally grant a *pro se* plaintiff an opportunity to amend a complaint to cure its defects, but leave to amend is not required where it would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123–24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Because the defects in the complaint cannot be cured with an amendment, the Court declines to grant Avramham leave to amend his complaint.

---

[2] A "guardian *ad litem*" is a guardian appointed by the court to represent a minor or incompetent party in a particular litigation. A "next friend" is a person who is acting for the benefit of a minor or incompetent party in a particular litigation, but who is not appointed as a guardian.

## CONCLUSION

The Clerk of Court is directed to mail a copy of this order to Avramham and note service on the docket.

The Court grants Avramham IFP status for the limited purpose of this order.

The Court dismisses the complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). The dismissal is without prejudice to any claims Flores may assert on his own behalf or through a duly appointed representative, or a guardian *ad litem* or next friend who is an attorney or represented by an attorney.

SO ORDERED.

Dated:   July 14, 2020
         New York, New York

                                                    _Louis L. Stanton_
                                                    LOUIS L. STANTON
                                                    U.S.D.J.